# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 17-06542** |
| **VIDAL ROSARIO LEON** | **CHAPTER 11** |
| **Debtor(s)** | **FILED & ENTERED ON 06/07/2018** |

## OPINION & ORDER

Before the court is claimants' Elizabeth Flores Bermudez, Ledaliz Collazo Flores and Carlos E. Collazo (hereinafter "Claimants") *Motion for Reconsideration and Response to Debtor's Objection to Claim of Carlos E. Collazo* [Dkt. No. 103]; Debtor's *Objection to Motion for Reconsideration* [Dkt. No. 109] and Claimants' *Response to Debtor's Objection to Motion for Reconsideration and Further Request for Relief Pursuant to Fed. R. Civ. P. 60(B)(1)* [Dkt. No. 111]. This controversy stems from the court's Order [Dkt. No. 96] granting Debtor's objection to claim number 6-2, as a result of Mr. Carlos E. Collazo's (hereinafter "Collazo") failure to timely respond. Claimants' motion for reconsideration requests that the court review that particular Order. However, in Claimants' response, two additional Orders [Dkt. No's 94 & 95] are included for reconsideration.[1] Notwithstanding, for the sake of judicial economy, the court will analyze the reconsideration of all three Orders. Debtor's three objections to claims 4-1, 5-1 and 6-2, and the subsequent orders, are identical in their reasoning. Claimants' motion for

---

[1] The Orders at Dkt's No. 94 and 95 pertain to the granting of Debtor's objection to claims 4-1 and 5-1 filed by claimants Elizabeth Flores Bermudez and Ledaliz Collazo Flores, respectively.

reconsideration cites Fed. R. Civ. P. 60(b)(1) as the basis for relief. Therefore, the court will proceed to analyze the merits of the reconsideration under this rule.[2]

Under a Rule 60(b) motion for reconsideration, a court may relieve a party from a final judgment, order or proceeding only if the moving party can establish within a reasonable time under extraordinary circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. Backlund v. Barnhart, 778 F.2d 1386, 1387 (9thCir.1985); Twentieth Century–Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations omitted) ("Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances."). The First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006). In sum, counsel in a motion for reconsideration must set forth the following: (1) genuine reasons why the court should revisit its prior order; and (2) compelling facts or law in support of reversing the prior decision. See Frasure v. United States, 256 F.Supp.2d 1180, 1183 (D.Nev.2003).

In their motion to reconsider and subsequent response, Claimants premise their request on three assertions: (1) the attorney representing Claimants is not a bankruptcy practitioner, has limited familiarity with bankruptcy proceedings and inadvertently neglected to file a timely response to the Debtor's objection at Dkt. No. 85; (2) the attorney for Claimants is a solo practitioner with a heavy caseload; (3) As a result of Hurricanes Irma and Maria, the attorney's

---

[2] Fed. R. Bankr. P. 9024 states that Fed. R. Civ. P. 60 applies in cases under the Bankruptcy Code.

-2-

law office was flooded and suffered damage. Claimants go on to state that "[e]ven after cleanup and the restoration of electric power, internet and phone service were non-existent. The hurricanes adversely affected the status of all of our pending cases…resulting in considerable emotional and financial strain upon the…solo practice."[3] Looking at the factors for Rule 60(b) relief discussed above, Claimants' arguments allege that their failure to timely respond to the duly noticed objections was due to excusable neglect. Moreover, Claimants argue that the Debtor's objection to the reconsideration merely raises a procedural misstep and does not delve into the substantive merits of the Claimants' response to the objection to claim.

"Demonstrating excusable neglect is a demanding standard" and the trial judge has "wide discretion" in dealing with litigants who make such claims. Santos–Santos v. Torres–Centeno, 842 F.3d 163, 169 (1st Cir. 2016) (citation and internal quotation marks omitted). Although many courts have indicated that Rule 60(b) motions should be granted liberally,[4] this Circuit has taken a harsher tack. "Because Rule 60(b) is a vehicle for 'extraordinary relief,' motions invoking the rule should be granted 'only under exceptional circumstances.' " Torre v. Continental Ins. Co., 15 F.3d 12, 14–15 (1st Cir. 1994). (quoting Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986)).

The Supreme Court has provided guidance, advising that trial courts utilize their equitable powers by weighing the following four factors: (1) the danger of prejudice to the non-

---

[3] Claimants' *Response to Debtor's Objection to Motion for Reconsideration and Further Request for Relief Pursuant to Fed. R. Civ. P. 60(B)(1)* [Dkt. No. 111 ¶ 9].

[4] See, e.g., Solaroll Shade & Shutter Corp. v. Bio–Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir.1986); Blois v. Friday, 612 F.2d 938, 940 (5th Cir.1980); Radack v. Norwegian Am. Line Agency, Inc., 318 F.2d 538, 542 (2d Cir.1963); 11 Wright, Miller & Kane, Federal Practice & Procedure, § 2852, at 231 (1995). Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 64 (1st Cir. 2001).

moving party; (2) the length of delay and potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993) (interpreting "excusable neglect" in Rule 9006(b)(1) of the Bankruptcy Rules); see Pratt v. Philbrook, 109 F.3d 18, 19 (1st Cir. 1997) (the trial court must weigh the "latitudinarian standards" outlined by the Supreme Court). Inadvertence, ignorance, or other such excuses "do not usually constitute 'excusable' neglect," Pioneer, 507 U.S. at 392.

The reason for the delay is the most important of the Pioneer factors. See Graphic Communications International Union v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5–6 (1st Cir. 2001); see also Nansamba v. N. Shore Med. Ctr., Inc., 727 F.3d 33, 39 (1st Cir. 2013) ("At a bare minimum, a party who seeks relief from judgment ... must offer a convincing explanation as to why the neglect was excusable." (quoting Cintron–Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 527 (1st Cir. 2002))). Even where there is no prejudice, impact on judicial proceedings, or trace of bad faith, "[t]he favorable juxtaposition of the[se] factors" does not excuse the delay where the proffered reason is insufficient. Hosp. del Maestro v. NLRB, 263 F.3d 173, 175 (1st Cir. 2001); see Dimmitt v. Ockenfels, 407 F.3d 21, 25 (1st Cir. 2005) (an attorney who does not submit a valid reason for non-compliance with the rules cannot thereafter avail himself under the good faith factor).

The Claimants' first two assertions do not rise to the level of excusable neglect. The lack of knowledge regarding a particular practice of law is something to have been considered by Claimants when choosing an attorney to represent their interests. Likewise, a solo practitioner with a heavy caseload does not excuse an attorney's procedural failings in the handling of said caseload. The demands of a heavy caseload are within the control of an attorney. "[N]eglect is

hardly excusable even if a lawyer is preoccupied with other matters." <u>Faustina Davila-Alvarez, et.al. v. Escuela de Medicina Universidad Central del Caribe, et.al.</u>, 257 F.3d 58 (1st Cir. 2001). Unfortunately for Claimants, routine carelessness by counsel leading to a late filing is not enough to constitute excusable neglect. <u>See</u> <u>Negron v. Celebrity Cruises, Inc.</u>, 316 F.3d 60, 62 (1st Cir. 2003); <u>Graphic Communications Int'l Union v. Quebecor Printing Providence, Inc.</u>, 270 F.3d 1, 6–7 (1st Cir. 2001).

Third, while the court is sympathetic to the power and internet outages and the severe damage cause by Hurricanes Irma and Maria, it does not merit consideration in this case. The Debtor's objections to claim were filed on January 2, 2018, three and one-half months after the hurricanes struck Puerto Rico. The Claimants' replies to those objections were due one month after their filing. Attorney for Claimants' state that both he and his secretary were on vacation until January 8, 2018, and that thereafter "internet and telephone service remained spotty, "and thus we inadvertently failed to note, much less oppose, the Debtor's objections." [5] That explanation, in and of itself, is not enough to constitute excusable neglect. The court was fully operational by November 6, 2018, and access to the dockets were available online or in the Clerk's Office. So, although a court may grant relief from judgment if the moving party establishes excusable neglect, that predicate is lacking here.

Claimants fail to establish any of the required legal factors for reconsideration discussed above. After considering the factual and legal arguments brought forth, the court finds that Claimants' motion neither provides the court with genuine reasoning to justify excusable neglect nor a special circumstance in demonstrating that the court's previous Orders committed clear error pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure. None of Claimants'

---

[5] Claimants' *Response to Debtor's Objection to Motion for Reconsideration and Further Request for Relief Pursuant to Fed. R. Civ. P. 60(B)(1)* [Dkt. No. 111 ¶ 10].

arguments fall within the purview of a Rule 60(b) motion. As such, Claimants' *Motion for Reconsideration and Response to Debtor's Objection to Claim of Carlos E. Collazo* [Dkt. No. 103] is DENIED, which includes the Orders at docket entries 94 and 95.

SO ORDERED

In San Juan, Puerto Rico, this 7th day of June, 2018.

Brian K. Tester
U.S. Bankruptcy Judge